In the Matter of the Claim of FRANCESCO RODRIGUEZ, Respondent, against NEW YORK DOCK CO., Self-Insurer, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 12, 1941.

*James F. Fouhy*, for the appellant.

*Nathan Hecht*, for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*John F. Loehr, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

HEFFERNAN, J. The employer in this case has appealed from a decision of the State Industrial Board awarding to Mercedes Rodriguez, committee of the claimant, the sum of $136, representing expenses for hospitalization of claimant.

The sole question involved is the authority of the Industrial Board to make the award.

The claimant sustained accidental injuries arising out of and in the course of his employment on October 19, 1932, resulting on some occasions in permanent disability and on others in partial disability.

It is conceded that his injuries caused a deranged mental condition. On February 8, 1935, he attempted to commit suicide. Hospitalization and medical treatment became necessary. He was removed to the Kings County Hospital and was treated at that institution until March 2, 1935, at which time it developed he was suffering from dementia praecox. He was then transferred to a State institution for the treatment of mental diseases. Subsequently his wife was appointed committee of his person and property. The services which the Kings County Hospital rendered to claimant constitute the basis of the challenged award.

Appellant contends that the award violates the provisions of section 13 of the Workmen's Compensation Law, as it then existed, because the hospital services were not requested of it, that it had no knowledge of the necessity for treatment, and also that it had no report of such treatment from the hospital until April 20, 1937.

Part of section 13 of the Workmen's Compensation Law, as it read in February, 1935, provided: " The employer shall promptly provide for an injured employee such *medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus* for such period as the nature of the injury or the process of recovery may require. If the employer fail to provide the *same,* after request by the injured employee such injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such *treatment or services* unless he shall have requested the employer to furnish the *same* and the employer shall have refused or neglected to do so, or unless the nature of the injury required such *treatment and services* and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same; * * *."

It is undisputed that claimant did not request hospitalization on February 8, 1935, nor did the employer have any knowledge of the necessity of such treatment until several years later.

At the time of his removal to the Kings County Hospital claimant was insane. No committee of his person or property was appointed until the following November. Claimant was incompetent to act in his own behalf; no one was authorized to act in his stead. Surely he was in no condition to request his employer to furnish medical treatment or hospital services. The Industrial Board made the only sensible decision that could be made when it excused claimant's failure to make a formal request for treatment.

The contention of appellant that the hospital's failure to furnish a report to it and the Industrial Commissioner vitiates this award is likewise without merit.

The fact that appellant did not receive such a report in no way impaired or prejudiced its rights. Claimant, after he became insane, was taken charge of by the public authorities and placed in a State hospital for the insane. While confined in such an institution appellant had no authority to make any suggestion as to the nature of the treatment which claimant should receive.

We are also convinced that the Industrial Board correctly held that the requirement of section 13 relating to furnishing such a report does not apply to hospitals. The pertinent part of section 13 is: " * * * nor shall any claim for *medical or surgical treatment* be valid and enforceable, as against such employer, unless within twenty days following the first *treatment*, the *physician* giving such *treatment*, furnish to the employer and the Industrial Commissioner a report of such injury and *treatment*, on a form prescribed by the Industrial Commissioner. The Board may, however, by the unanimous vote of all the qualified members, excuse the failure to give such notice within twenty days when it finds it to be in the interest of justice to do so, and may, subject to the limitations contained in section twenty-eight of this chapter, make an award for the reasonable value of such *medical or surgical treatment* * * *."

The direction in the part of the statute just quoted deals specifically with claims for *medical or surgical treatment*. Such claims shall be valid against an employer only *if the physician* giving such treatment shall furnish a report of the same. It is significant that this part of the statute is limited to reports of *treatment* only. There is a decided contrast between this part of the statute and the part first quoted which directs an employer to " promptly provide for an injured employee such *medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus* " for such time as the nature of the injury may require. The statute then makes provision for the employee's recovery of expenses should the employer fail to provide the *same*.

The word " same " clearly refers to all the medical and surgical treatment, nurse and hospital services and apparatus which the employer is commanded to provide. It is apparent that this part of the statute is much more comprehensive than the second part. No mention is made in the second part concerning hospital services or any of the services enumerated in the opening part of the statute. The failure to include hospital services in the latter part of section 13 is, in view of the fact that hospital service is specifically mentioned in the first part, proof that the Legislature never intended that the provisions pertaining to filing a report should apply to hospitals.

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., BLISS, SCHENCK and FOSTER, JJ., concur.

Award unanimously affirmed, with costs to the State Industrial Board.